UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-PO-0038-JTR |
| Plaintiff, | FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER |
| vs. | |
| ANTHONY P. BOSWORTH, | |
| Defendant. | |

Trial in this matter was held on October 26, 2015, before the undersigned. The United States was represented by Assistant U.S. Attorney Matthew F. Duggan and Legal Intern Sam Smith. Mr. Bosworth was present with counsel David L. Stevens.

The Court heard testimony from Federal Protective Services Officer Stephen Yewcic, General Services Administration Facility Manager Paul Zambon, U.S. Deputy Marshal William Downey, Maria Bosworth, and Anthony Bosworth; reviewed six exhibits offered by the United States; and heard the argument of counsel.

**FINDINGS OF FACT**

1. On February 25, 2015, Defendant was physically present on the plaza of the United States Courthouse. On its south side, this plaza abuts the municipally owned sidewalk and its north edge runs to the main entrance to the courthouse.

ORDER - 1

2.    This is an area necessarily traversed by Federal employees coming to and from work in the courthouse, and it is also the roof of the employees' parking garage.

3.    Defendant was carrying in plain view two firearms, an unloaded AK 47 semi-automatic rifle, and a Glock 17 pistol, which was fully loaded and had a round in the chamber.

4.    Defendant was present to exercise his Constitutional rights and to protest unrelated events in this courthouse.

5.    Mr. Bosworth did not have a permit to demonstrate or pass out literature.

6.    Defendant was ordered to leave, or to remove his firearms, by at least two Federal law enforcement officers, at least one of whom cited Title 18 United States Code, Section 930.

7.    There is no evidence that signs announcing this prohibition against firearms were posted or that Mr. Bosworth had any notice of this requirement before he came to the area on the day in question.

8.    Defendant testified he was leaving as ordered, and that he intended to comply with applicable laws, but the fact that he argued with the officers or debated the legality of the order belies that claim, and the Court finds that Defendant did not leave when directed to do so.

9.    Defendant was thereupon arrested and cited for a violation of 41 C.F.R. § 102-74.385.

10.    Defendant did not resist the arrest, and did not otherwise breach the peace.

Upon which Findings of Fact the Court now makes the following:

## CONCLUSIONS OF LAW

1.    Defendant did not need a permit, because he was not "demonstrating" or leafleting.

ORDER - 2

2.      The plaza was a Federal Facility, per 18 U.S.C. § 930(g).

3.      While Defendant was in or upon a Federal Facility, he knowingly possessed firearms.

4.      Possessing firearms in a Federal Facility is prohibited by 18 U.S.C. § 930(a).

5.      Establishing a violation of 18 U.S.C. § 930(a) requires proof that either conspicuous signs announce the firearm prohibition or that the charged individual have actual notice that they are in violation.

6.      *United States v. Bichsel*, 395 F.3d 1053 (9th Cir. 2005), holds that correct notice of the law from a law enforcement officer serves as actual notice for purposes of a citation for violation of 41 C.F.R. § 102-74.385.

7.      Mr. Bosworth was in violation of 18 U.S.C. § 930(a), and the officers' order to depart or remove his guns was therefore a lawful order.

8.      Defendant is guilty of violating 41 C.F.R. § 102-74.385.

## ORDER

1.      The parties shall have until the close of business **November 2, 2015,** to file objections to these findings.

2.      Pending sentencing, Defendant shall be released on the condition he comply with the previously-imposed conditions of pretrial release.

3.      The United States Probation Office shall prepare a Presentence Investigation Report.

The Court notes that this case is a Class C Misdemeanor, that the Sentencing Guidelines do not apply, and that the Court does not expect the Presentence Investigation Report to provide detailed information about previous sentences or offense or offender conduct as those terms are used in the guidelines.

Further, in view of an unadjudicated citation involving Defendant, counsel has advised that Defendant may not answer certain questions from the U.S. Probation officer.

ORDER - 3

For these reasons, as well as the relatively short time frame contemplated in this Order, the Court anticipates that this Presentence Investigation Report will be abbreviated compared to felony Presentence Investigation Reports.  The Court requests what information may be available regarding Defendant's prior criminal convictions, mental and physical health, education and employment, family and financial resources, and future plans or aspirations.  Information regarding substance abuse is requested if available and pertinent in the judgment of the U.S. Probation Officer.

4.    Not later than **November 25, 2015,** the Probation Officer shall mail (or otherwise furnish) a copy of the Report to the Court and counsel for the parties. Disclosure shall be subject to the limitations imposed by FED. R. CRIM. P. 32(d)(3). The parties shall have until the date of sentencing to file objections to the Presentence Investigation Report.  The failure to provide written objections will not limit the parties' argument at sentencing.

5.    Defendant shall be sentenced on **December 2, 2015, at 1:30 p.m.**, before the undersigned.

**IT IS SO ORDERED**.  The District Court Executive shall enter this order and furnish copies to counsel.

DATED October 26, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 4